

Michael Hampson
Partner

1251 Avenue of the Americas
New York, NY 10020
212.597.2847
mhampson@rksllp.com

March 4, 2022

**VIA ECF**

The Honorable Robert M. Levy
Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Orbis Global Equity LE Fund (Australia Registered) v. Vale S.A.*,
> No. 21 Civ. 6590 (RPK) (RML)

Dear Judge Levy:

We write on behalf of Plaintiffs Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Funds Limited, Orbis Global Equity Fund Limited, Orbis Institutional Global Equity L.P., and Orbis OEIC (collectively, "Plaintiffs") in the above-captioned action to provide a status report on this litigation pursuant to the Court's February 25, 2022 docket order.

***Background***. This is a securities fraud action asserting claims under Sections 10(b), 18, and 20(a) of the Securities and Exchange Act of 1934, as well as common law fraud, on behalf of Plaintiffs against Vale S.A. ("Vale") and certain of Vale's current and former executive officers, Murilo Ferreira, Fabio Schvartsman, Luciano Siani Pires, Gerd Peter Poppinga, and Luiz Eduardo Froes do Amaral Osorio (collectively, the "Individual Defendants," and together with Vale, "Defendants"). Vale is a Brazilian corporation and the Individual Defendants are Brazilian residents. As indicated on the Civil Cover Sheet filed with the complaint (ECF No. 1-1 at 1), this action is related to a putative class action, *Rauch v. Vale S.A.*, No. 19 Civ. 526 (RJD) (SJB), pending in this District before Judge Raymond J. Dearie.

***Service of Process***. Defendants' counsel recently informed us that it is authorized to accept service of the Summonses and Complaint on behalf of all Defendants. Plaintiffs contacted Defendants' counsel in January to inquire about acceptance of service. Although Defendants' counsel was able to promptly inform us that they were authorized to accept service on behalf of Vale, they were unable to confirm such authority on behalf of the Individual Defendants until March 2, 2022, although they suggested that Plaintiffs refrain from formal service while they sought to confirm their authority to accept service on behalf of the Individual Defendants. Having now received a representation from Defendants' counsel that they are authorized to accept service on behalf of all Defendants, the parties are negotiating a stipulation that would memorialize this agreement, as well as provide a schedule for Defendants' response to the Complaint.

We note that because all Defendants are located in Brazil, the 90-day time limit for service under Rule 4(m) does not apply.

**Transfer as Related Action.**  Given that this case is related to *Rauch v. Vale S.A.*, No. 19 Civ. 526 (RJD) (SJB), pending before Judge Dearie, Plaintiffs expect to move shortly to have this case transferred to Judge Dearie pursuant to Section 50.3.1 of this District's Guidelines for the Division of Business Among District Judges.

Thank you for your time and attention to this matter.  We are available at the Court's convenience to answer any additional questions that the Court may have.

Very truly yours,

*/s/ Michael J. Hampson*

Michael J. Hampson

cc: Defendants' Counsel:
    Christopher M. Joralemon, Esq.
    Mark A. Kirsch, Esq.
    David M. Kusnetz, Esq.
    (Gibson, Dunn & Crutcher LLP)
    (via e-mail)