

Michael Hampson
Partner

1251 Avenue of the Americas
New York, NY 10020
212.597.2847
mhampson@rksllp.com

April 14, 2022

VIA ECF

The Honorable Margo K. Brodie, Chief Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Brenna B. Mahoney, Clerk of Court
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Orbis Global Equity LE Fund (Australia Registered) v. Vale S.A.*,
            No. 21 Civ. 6590 (RPK) (RML)

Dear Judge Brodie and Ms. Mahoney:

We represent Plaintiffs Orbis Global Equity LE Fund (Australia Registered), Orbis Global Equity Fund (Australia Registered), Orbis Global Balanced Fund (Australia Registered), Orbis SICAV, Orbis Institutional Funds Limited, Orbis Global Equity Fund Limited, Orbis Institutional Global Equity L.P., and Orbis OEIC (collectively, "Plaintiffs") in the above-referenced securities fraud action (the "Orbis Action"). We write pursuant to Guideline 50.3.1(d) for the Division of Business Among District Judges to request a determination that the Orbis Action is related to a securities fraud class action, *Rauch v. Vale S.A.*, No. 19 Civ. 526 (RJD) (SJB), pending in this District before Judge Raymond J. Dearie (the "Class Action" and, together with the Orbis Action, the "Actions"), and a transfer of the Orbis Action to Judge Dearie and Magistrate Judge Sanket J. Bulsara. The parties to the Orbis Action have met and conferred and agree that the Actions are related. Given Judge Dearie's and Magistrate Bulsara's familiarity with the issues and facts being litigated in both cases, we submit that the interests of judicial efficiency and the parties will be best served by transferring the Orbis Action to Judge Dearie and Magistrate Bulsara.

Vale S.A. ("Vale") is an international mining company based in Brazil. The Actions concern Defendants' public statements relating to the stability and safety of Vale's dams, the sufficiency of Vale's dam risk management and sustainability policies and practices, and Vale's compliance with regulatory and internal safety standards following the collapse of a Vale dam on November 5, 2015.

**The Class Action.** On January 28, 2019, Plaintiff Bryan Rauch filed a Class Action Complaint asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

"Exchange Act") against Vale and certain of Vale's current and former executive officers, Murilo Ferreira, Fabio Schvartsman, Luciano Siani Pires, Gerd Peter Poppinga, and Luiz Eduardo Froes do Amaral Osorio (collectively, the "Individual Defendants," and together with Vale, "Defendants"). (*See generally* Dkt. No. 1 in the Class Action). Plaintiff Rauch filed an Amended Class Action Complaint on March 27, 2019 (Dkt. No. 5 in the Class Action), and a Consolidated Class Action Complaint on October 25, 2019 (Dkt. No. 47 in the Class Action). Plaintiff Rauch alleges that Defendants materially misrepresented or omitted facts in public filings relating to the stability and safety of Vale's dams, the sufficiency of Vale's dam risk management and sustainability policies and practices, and Vale's compliance with regulatory and internal safety standards. Plaintiff Rauch asserts claims on behalf of a class of all persons who purchased certain publicly traded Vale securities, including American Depository Shares ("ADSs"), on the New York Stock Exchange, other U.S. exchanges, or in a U.S. transaction between October 27, 2016, and February 6, 2019 (the "Class Period"). (*See generally* Dkt. No. 116 in the Class Action). On May 20, 2020, Judge Dearie denied Defendants' motion to dismiss the Consolidated Class Action Complaint and, on July 23, 2020, denied Defendants' motion for reconsideration. (*See* Dkt. Nos. 74, 80 in the Class Action). On March 31, 2022, Judge Dearie adopted Magistrate Bulsara's report and recommendation and granted the lead plaintiff's motion for class certification. (*See* Dkt. No. 116 in the Class Action). Fact discovery in the Class Action has commenced with Defendants having produced documents and several fact-witness depositions scheduled for May. (*See* Dkt. No. 115 in the Class Action).

**The Orbis Action.** Plaintiffs purchased or acquired Vale ADSs during the Class Period and are thus members of the securities class. However, they have elected to exercise their constitutional right to pursue their own claims against and remedies from Defendants. On November 24, 2021, Plaintiffs filed a securities fraud complaint against the same Defendants as the Class Action. (*See generally* Dkt. No. 1 in the Orbis Action). The Complaint asserts some of the same causes of action as the Class Action, but also asserts claims under the common law and Section 18 of the Exchange Act (which claims are not available to the class because they require individualized proof of reliance). (*Id.*) Similar to the Class Action, Plaintiffs allege that Defendants materially misrepresented or omitted facts in public filings relating to the stability and safety of Vale's dams, the sufficiency of Vale's dam risk management and sustainability policies and practices, and Vale's compliance with regulatory and internal safety standards. (*Id.*) Because they are class members suing Defendants for the same conduct, Plaintiffs identified the Class Action as a related case in the Civil Cover Sheet filed with the Complaint. (Dkt. No. 1-1 in the Orbis Action). Defendants accepted service of the Summonses and Complaint on April 7, 2022, by way of a Stipulation and Proposed Order. (Dkt. No. 10-1 in the Orbis Action).

Because the Actions arise from the same events and involve similar facts and legal issues – and to promote efficiency and avoid witnesses having to sit for multiple depositions – the parties to the Orbis Action have agreed that, to the extent practicable, Plaintiffs will attend and participate in the fact witness depositions of defense witnesses and nonparties taken in the Class Action, subject to a mutually agreed upon deposition protocol. (*Id.*) To this end, Defendants have agreed to produce

to Plaintiffs all documents and other discovery materials produced in the Class Action so that Plaintiffs may prepare for the upcoming depositions in the Class Action. (*Id.*)

***The Actions are Related.*** Pursuant to Guideline 50.3.1(a) for the Division of Business Among District Judges, actions are related "when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." The Actions meet that standard because they involve securities fraud claims, against the same defendants, and arise from the same underlying events. Both Actions are pending in this District.

Because the Actions involve similar facts and legal issues and "arise from the same transactions or events" "a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Guideline 50.3.1(a) for the Division of Business Among District Judges. And Defendants agree. Plaintiffs therefore respectfully request a determination that the Actions are related and a transfer of the Orbis Action to Judge Dearie and Magistrate Bulsara.

Respectfully submitted,

*/s/ Michael J. Hampson*

Michael J. Hampson

cc:  Christopher M. Joralemon, Esq.
     Mark A. Kirsch, Esq.
     David M. Kusnetz, Esq.
     (Gibson, Dunn & Crutcher LLP)
     (via e-mail)